

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:12cr148(LMB) |
| | ) | |
| JAMES W. MASSARO, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

Before the Court is a Motion for Transfer to the United States District Court for the District of Massachusetts ("Motion") [Dkt. No. 13] filed by defendant James W. Massaro ("defendant" or "Massaro"). For the reasons articulated in open court during oral argument of the motion and stated more fully below, the Motion will be denied.

I. BACKGROUND

On April 12, 2012, defendant was indicted on one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1343. The indictment alleges that in his capacity as president of Tracten Corporation ("Tracten"), an entity located in Boxford, Massachusetts that held itself out as "Private Investment Bankers," Massaro and others "conspired to defraud investors in a fraudulent 'Letter of Credit' program." See Indictment ¶¶ 2, 5. As part of the scheme, Massaro is alleged to

have entered into several escrow agreements with investors, including an Arlingon, Virginia investor doing business as International Fiduciary Corporation ("IFC"). Id. ¶¶ 6, 8(e). This investor subsequently wired money from IFC's bank account at United Bank in Chantilly, Virginia, which, like Arlington, is located within the Eastern District of Virginia. Id. ¶ 8(e).[1]

II. DISCUSSION

Defendant moves for a transfer of his case to Massachusetts pursuant to Fed. R. Crim. P. 21(b). Transfer of venue is appropriate under this rule where the defendant satisfies his

---

[1] In the Motion, defendant appeared to concede that venue in this district is constitutional. At the June 25, 2012 motion hearing, however, counsel argued for the first time that venue was improper under United States v. Ebersole, 411 F.3d 517 (4th Cir. 2005), in which the Fourth Circuit held that wire fraud is properly classified as a "continuing offense" under 18 U.S.C. § 3237(a) such that venue is proper "in any district where a payment-related wire communication was transmitted in furtherance of [the] fraud scheme." Ebersole, 411 F. 3d at 525-27. Finding that the defendant had waived his constitutional objection to venue, the court withheld judgment as to whether trial in the Eastern District of Virginia had been foreseeable to the defendant. Id. at 528. In this case, venue in this district is clearly established because at least one overt act is alleged to have occurred here; namely, defendant is alleged to have entered into an agreement with a Northern Virginia investor who subsequently wired substantial funds from the Eastern District. See United States v. Stewart, 256 F.3d 231, 239 (4th Cir. 2001)("The issue, therefore, is whether [the defendant] committed any overt acts of the money laundering offenses in the Eastern District of Virginia."); see generally United States v. Johnson, 510 F.3d 521, 524-27 (4th Cir. 2007)(providing overview of venue case law with respect to wire fraud and securities fraud statutes).

2

burden of showing that prosecution in the original district would "result in a substantial balance of inconvenience" to him. United States v. Ferguson, 432 F. Supp. 2d 559, 560 (E.D. Va. 2006); United States v. Farkas, No. 1:10cr200, 2010 WL 3835110, at *2 (E.D. Va. Sept. 24, 2010). The Government opposes Massaro's Motion on the grounds that defendant overstates the conspiracy's connection to Massachusetts and fails to overcome a presumption, recognized by district courts in numerous circuits, that a case should be tried in the judicial district in which it was indicted. See Gov't Opp'n Mot. for Transfer ("Gov't Opp'n") at 2-3, 5.

In deciding a motion under Rule 21(b), a court considers the following factors: (1) location of the defendant; (2) location of witnesses; (3) location of events likely to be in issue; (4) location of documents and records; (5) disruption of the defendant's business; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of the place of trial; (9) docket conditions in each district; and (10) any other specific element which might affect the transfer. Platt v. Minn. Mining & Mfg. Co., 376 U.S. 240, 243-44 (1964); United States v. Heaps, 39 F.3d 479, 482 (4th Cir. 1994)(upholding application of Platt factors), abrogated on other grounds, United States v. Cabrales, 524 U.S. 1 (1998). No factor is dispositive; rather, a court is to weigh each factor given the

facts and circumstances of the particular case. See United States v. Farkas, No. 11-4714, 2012 WL 2335154, at *3 (4th Cir. June 20, 2012)(unpublished). The factors as applied to Massaro's case are discussed below.

### A. Location of Defendant and Disruption of Defendant's Business

Although Massaro lives and works in Boxford, Massachusetts, "[c]riminal defendants have no right to be tried in their home district" nor is the defendant's location a dispositive factor in the Platt analysis. United States v. Offill, No. 1:09cr134, 2009 WL 1649777, at *3 (E.D. Va. June 10, 2009). Although the first factor favors defendant, it does not carry "independent significance in determining whether transfer to that district would be in the interests of justice." Id.

Defendant's company, Tracten, is also located in Boxford, Massachusetts, but the Government properly argues that in an April 24, 2012 financial affidavit, defendant stated that he was unemployed. See Dkt. No. 8, Criminal Justice Act Financial Affidavit (checking "unemployed" rather than "self-employed" box). Even were defendant still operating Tracten, there is no reason his self-employed status would be substantially jeopardized by trial in this judicial district, particularly given the speed with which this docket moves. Accordingly, this factor does not carry weight in the convenience analysis.

B. <u>Location of Witnesses</u>

The Government correctly points out that although defendant contends that "witnesses who have knowledge of Mr. Massaro's alleged conduct live in Massachusetts," the only witness that defendant identifies is a Massachusetts co-conspirator expected to testify against Massaro. <u>Compare</u> Def.'s Motion ("Mot.") at 6 <u>with</u> Gov't Opp'n at 7. Other than the Massachusetts co-conspirator, witnesses in the Government's case-in-chief include the aforementioned Arlington, Virginia-based investor doing business as IFC, a computer analyst based in Northern Virginia, two investors who reside in neither Virginia nor Massachusetts, and a Boston-based special agent. <u>See</u> Gov't Opp'n at 7. The Government also states that two bank records custodians, one of whom is located in Northern Virginia, may be required to testify. <u>See</u> <u>id.</u>

Additionally, this jury trial, which is scheduled to start on Wednesday, July 18, 2012, will be relatively brief, reducing the potential inconvenience to witnesses. In light of these facts, defendant has not met his burden of showing that convenience to witnesses requires transfer.

C. <u>Location of Events Likely to be in Issue</u>

Although defendant maintains that the alleged criminal activity took place in Massachusetts, which is where the search warrants were executed, <u>see</u> Mot. at 6, 7, the Government

responds that the alleged activities "extended far beyond the borders of Massachusetts," Gov't Opp'n at 7 (citing Offill, 2009 WL 1649777, at *4); see also supra n.1. The Court agrees that "in a 'scattered conspiracy' involving events in multiple districts, the 'location of events' factor may be resolved in favor of the government where venue is constitutionally established." Offill, 2009 WL 1649777, at *4 (characterizing United States v. Hays, No. 96-51-02, 1997 WL 34666, at *4 (E.D. Pa. Jan. 29, 1997)). This factor, therefore, weighs against transfer.

### D. Location of Documents and Records

According to the Motion, "[d]efendant's documents that were not seized and relevant to this case are located in Massachusetts." Mot. at 7. Defendant, however, does not describe these documents, and according to the Government, he has not provided them during Rule 16 discovery. See Gov't Opp'n at 8 n.1. The documents that the Government intends to introduce at trial, which were seized from defendant's home and office, are now within the Eastern District of Virginia. Accordingly, this factor does not support a transfer.

### E. Expense to the Parties

Defendant represents that he lacks sufficient funds to make repeated trips to this district. He also again references documents in Massachusetts, which he states he will be required

to pay to ship to this district. The Government responds that transfer would result in significant expenses for the Government, paid for with tax dollars, in the form of travel, meals, and lodging for the prosecution team.

Travel between Boston's Logan International Airport and Washington's Ronald Reagan National Airport takes less than an hour and a half and is extremely convenient, given the proximity of National Airport to the courthouse. Moreover, if defendant demonstrates that he is truly unable to afford the cost of travel, 18 U.S.C. § 4285 permits a Court to order non-custodial transportation to be provided by the United States Marshals Service. Given the costs that would be borne by the parties in either district, this factor is neutral.

### F. Location of Counsel

Defendant's experienced counsel is located in Alexandria, as are the United States Attorneys who brought this prosecution. Both sides have invested time and resources going through the discovery in this case. Defendant argues that, should transfer be granted, he would receive Massachusetts counsel and the local United States Attorney's Office would represent the Government. This argument does not support transfer.[2]

---

[2] Defendant is also potentially incorrect in light of the Government's assertion that the United States Attorney's Office in Boston "may be recused because of its involvement in

7

### G. Accessibility and Relative Docket Congestion

Neither the Alexandria courthouse nor the federal courthouse in Boston poses accessibility difficulties and this factor is, therefore, neutral; however, the relative docket congestion of these two districts strongly favors venue in this court, which is nationally known for its efficient disposition of criminal cases. See Gov't Opp'n at 10-11 (citing 2011 United States District Court Federal Court Management Statistics). For example, from filing to disposition, the median time that a criminal felony remained pending within this jurisdiction in 2011 was five months, whereas the district court in Massachusetts had a median time of 16.1 months during the same relevant time period. See Gov't Opp'n, Ex. 1 (reflecting 2011 statistics). These numbers remained constant during the five previous periods in which they were recorded. Accordingly, relative docket congestion is an important factor that weighs against transfer.

### H. Special Elements Affecting Transfer

The foregoing factors are non-exclusive, and courts may weigh any special considerations in deciding whether to transfer a criminal case for convenience. Defendant maintains that most of the alleged overt acts occurred in Massachusetts, which he

---

performing a privilege review of documents obtained during the search." Gov't Opp'n at 9 n.2.

argues is a special factor that weighs heavily in favor of transfer. Although the place of the overt acts is not an insignificant fact, this argument was addressed above, and the Court is satisfied that the Virginia nexus is sufficiently strong.

For its part, the Government states that one of Massaro's co-conspirators is expected to enter a guilty plea in this Court soon. See Gov't Opp'n at 11. Because the two cases "'involve[] overlapping or similar evidence and witnesses, the government may conserve resources by prosecuting the case here,'" a special factor militating against transfer. Id. (quoting Offill, 2009 WL 1649777, at *5)("[S]ince all of these prosecutions arise from the same conspiracy and fraud scheme, disposing of the cases in a unified manner is advisable."); see also United States v. Smallwood, 293 F. Supp. 2d 631, 640 (E.D. Va. 2003)(holding that "it is reasonable for the government to conserve resources by charging and trying . . . co-conspirators in [the same] district").

Finally, during oral argument, defendant alerted the Court to certain health problems from which he suffers, which his doctors expect may necessitate surgery. Defendant argued that his medical condition provides a separate basis for transfer because travel will be more difficult following surgery and because a transfer would obviate the need for a continuance of

the trial date given the Massachusetts' district court's slower docket. Defendant's medical issues do not warrant a change of venue. With trial just three weeks away, it is possible that it may occur before surgery is even scheduled. If treatment ultimately interferes with the trial calendar, then a motion to continue, rather than a motion to transfer, is the proper vehicle for addressing defendant's health.

III. CONCLUSION

For the reasons stated in open court and in this Memorandum Opinion, defendant's Motion will be denied by an Order to accompany this Memorandum Opinion.

Entered this 26th day of June, 2012.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge